**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:18-CR-00048-KDB-DSC-13**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **ORDER** |
| **MARTIN VIDAL SANTILLAN,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant Martin Vidal Santillan's *pro se* Motion for

Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 400). Having carefully

reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court

will deny the motion without prejudice to a renewed motion properly supported by evidence and

after exhaustion of his administrative remedies.

## I.      BACKGROUND

In 2019, Defendant pled guilty to one count of conspiracy to distribute and to possess with

intent to distribute methamphetamine, cocaine and marijuana. (Doc. No. 226). He was sentenced

to 156 months plus five years of supervised release and upon release is to surrender to a duly

authorized immigration official for deportation. (Doc. No. 349).

Defendant is a 55-year-old male confined at FCI Schuykill, a medium-security federal

corrections institution in Pennsylvania, with a projected release date of October 10, 2029.  He

claims his Type II diabetes puts him at a heightened risk of death from complications of a COVID-

19 infection.  According to his Presentence Report, he has been diagnosed with Type II diabetes

and high blood pressure and incurred a stroke in October 2017. (Doc. No. 219, ¶¶ 69, 70).  The

Defendant also claims he suffers from vitreous hemorrhage, macular edema, traction detachment, vertigo, complications from the earlier stroke, and is confined to a wheelchair for the majority of the day. (Doc. No. 400, Pg. 10). The Defendant does not attach any medical records to his motion.

## II.    COMPASSIONATE RELEASE

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding that the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is non-jurisdictional). The majority view is that the exhaustion requirement is a case processing rule. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zukerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). These exceptions include "where it would be futile, either because the agency decisionmakers are biased or because the agency has already determined the issue, . . . where the administrative process would be incapable of granting adequate relief, . . . [or] where pursuing agency review would subject plaintiffs to undue prejudice." *Zukerman*, 2020 WL

1659880, at *3 (citing *Washington v. Barr*, 925 F.3d 109, 118-19 (2d Cir. 2019). It is Defendant's burden to show that he has exhausted his remedies or that exhaustion would be futile or result in undue prejudice. *See, e.g.*, *United States v. Bolino*, No. 06-cr-0806(BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (requiring defendant to prove that the exhaustion requirement has been met).

Here, Defendant has not exhausted his remedies as required under 18 U.S.C. § 3852(c)(1)(A). While he attaches his request, dated February 2, 2020, for compassionate release to the warden, Defendant has not attached a copy of the warden's denial (which Defendant states was on March 5, 2020).  Defendant filed a request for reconsideration by the warden on April 28, 2020, which was rejected on May 4, 2020, as not being complete nor timely.  (Doc. No. 400, Pgs. 16-19).  The rejection on May 4 gave Defendant five days to refile, yet Defendant fails to provide such a timely refiling.  Defendant has not exhausted all administrative appeals of the warden's adverse decision that are available to him within the BOP.  Defendant submits no evidence of appealing the warden's decision to the Regional Office.

Inmates are in federal custody for a reason, and each inmate's sentencing judge considered many factors, including danger to the community and medical conditions when initially imposing these sentences. The law considers the imposition of a sentence of imprisonment as a final judgment on the matter and "closely guards the finality of criminal sentences against judicial 'change of heart.'" 18 U.S.C. § 3582(b); *United States v. Goodwyn,* 596 F.3d 233, 235 (4th Cir. 2010). Moreover, when Congress fashioned the compassionate release statute—an exception to the general rule that terms of imprisonment may not be modified once imposed—it gave the BOP an important statutory role. Allowing the BOP to first address Defendant's compassionate release request makes sense, as the BOP stands in the best position to assess all of the factors which must

be considered in granting a motion for compassionate release, including the number of COVID-19 cases within the particular facility; the defendant's medical conditions and his or her resulting susceptibility to COVID-19 complications; the ability of the facility to treat the defendant's medical conditions; the defendant's conduct during the period of incarceration; and the defendant's proposed release plans, among other factors. *See United States v. Wroten,* No. 1:06-cr-00250-MR-WCM-21, 2020 WL 3960825 n. 4 (July 13, 2020). Given the BOP's shared desire for a safe and healthy prison environment, the Court concludes that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance. *See United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020).

The Court does not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like Defendant. However, the BOP is taking proactive measures to prevent the spread of COVID-19 among inmates at Schuykill and other facilities. In addition, the BOP is reviewing all inmates who have COVID-19 risk factors, as described by the CDC, to determine which inmates are suitable for home confinement. Since March 26, 2020, the BOP has placed 6,997 inmates on home confinement. Further, if an inmate does not meet the BOP's internal criteria for home confinement, the BOP may petition a court for compassionate release on an inmate's behalf pursuant to 18 U.S.C. § 3582(c)(1)(A).

According to the BOP's website, FCI Schuykill has completed 77 inmate tests with 4 inmate tests pending and just one confirmed active case of COVID-19. Given this information, the Court finds that Defendant has not met his burden of showing that the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) should be excused. With no confirmed COVID-19 case at FCI Schuykill amongst the staff and only one confirmed case amongst the inmate population, requiring Defendant to exhaust his administrative remedies within the BOP before petitioning this Court

would not result in any "catastrophic health consequences" or unduly prejudice Defendant. *See United States v. Fraction*, No. 3:14-CR-305, 2020 WL 3432670, at *7 (M.D. Pa. June 23, 2020) (finding the defendant did "not demonstrate any 'catastrophic health consequences' to make exhaustion futile or show that he could be unduly prejudiced if he had to wait to exhaust his administrative remedies with the BOP"); *see also United States v. Albertson,* No. 1:16-cr-00250-TWP-MJD, 2020 WL 1815853, at *2 (S.D. Ind. Apr.8, 2020) ("The Court will not grant compassionate release on medical grounds without documentation …."); *United States v. Clark,* No. 3:13-cr-163-FDW-1, 2019 WL 1052020, at *3 (W.D.N.C. Mar. 5, 2019) (denying motion for compassionate release, in part, because inmate failed to provide medical records to substantiate medical claims). Generalized concerns regarding the possible spread of COVID-19 to the inmate population at FCI Schuykill are not enough for this Court to excuse the exhaustion requirement, especially considering the BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread at FCI Schuykill. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

## III.   ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. No. 400), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: July 21, 2020

Kenneth D. Bell
United States District Judge