IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:18-CR-00048-KDB-DSC-13

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | ORDER |
| MARTIN VIDAL SANTILLAN, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's *pro se* motion for reconsideration of compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 and appointment of counsel. (Doc. No. 421). Defendant seeks compassionate release arguing he faces a heightened risk of contracting COVID-19 while incarcerated at FCI Allenwood -Medium[1] and that, due to his medical conditions, he faces a heightened risk of a severe case of COVID-19 if he were to contract the virus. Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny his motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

According to Defendant's Presentence Report, he has been diagnosed with Type II diabetes and high blood pressure and incurred a stroke in October 2017, requires a cane to walk and he states that he experiences the loss of feeling in his face, arms and legs. (Doc. No. 291, ¶¶ 69, 70). In his motion, Defendant states that he suffers from vitreous hemorrhage of both eyes, macular

---

[1] According to the Bureau of Prison's (BOP) website, FCI Allenwood - Medium currently has zero inmates and zero staff with confirmed active cases of COVID-19. There has been no inmate deaths and no staff deaths, while 545 inmates have recovered and 54 staff have recovered. Additionally, at the FCI Allenwood - Medium, 590 staff have been fully inoculated and 2,084 inmates have been fully inoculated.

edema of both eyes, traction detachment of both eyes, hypertension, Type II diabetes, cerebrovascular disease, vertigo, and complications from a stroke. (Doc. No. 421, Exhibit 1, at 2). In the minimal BOP medical records (only covering late 2019) submitted by the Defendant, it shows that he did have vitreous hemorrhage of both eyes, macular edema of both eyes, traction detachment of both eyes, Type II diabetes, hypertension, and cerebrovascular disease. (Doc. No. 422, at 3, 9). However, the same records also show that he has been to ophthalmology consults and is receiving treatment for his ailments. (Doc. No. 422).

The Government reports Defendant is fully vaccinated against COVID-19 as he received the first dose of the Moderna COVID-19 vaccine on April 14, 2021, and the second dose on May 12, 2021. (Doc. No. 424, Exhibit 1, Exhibit 2). Additionally, the Defendant received a Moderna booster on March 10, 2022. (Doc. No. 424, Exhibit 2). The Centers for Disease Control and Prevention (CDC) have evaluated the COVID-19 virus and explained that vaccines "continue to be highly effective at preventing hospitalizations and death." CDC, *Benefits of Getting a* COVID-19 *Vaccine*, www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. The CDC also notes that vaccines currently available in the United States have been shown to be "highly effective" at preventing COVID-19. Accordingly, the Court finds no extraordinary and compelling reason for Defendant's release.

There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The Court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir.

2012); cf. 18 U.S.C. § 3006A (providing the interests of justice standard for appointment of counsel in similar post-conviction proceedings).

Defendant has not established that the interests of justice require appointment of counsel in these circumstances at this time.

**IT IS THEREFORE ORDERED** that Defendant's *pro se* motion for reconsideration of compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), and appointment of counsel (Doc. No. 421), is **DENIED**.

**SO ORDERED.**

Signed: May 4, 2022

Kenneth D. Bell
United States District Judge