IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:18-CR-00048-KDB-DSC-13

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| MARTIN VIDAL SANTILLAN, | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant's fourth *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018 and appointment of counsel. (Doc. No. 432). Defendant seeks compassionate release arguing he faces a heightened risk of contracting COVID-19 while incarcerated at FCI Allenwood -Medium[1] and that, due to his medical conditions, he faces a heightened risk of a severe case of COVID-19 if he were to contract the virus. Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny his motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

According to Defendant's Presentence Report, he has been diagnosed with Type II diabetes and high blood pressure and incurred a stroke in October 2017, requires a cane to walk and he states that he experiences the loss of feeling in his face, arms and legs. (Doc. No. 291, ¶¶ 69, 70). In his previous third motion, Defendant stated that he suffers from vitreous hemorrhage of both

---

[1] According to the Bureau of Prison's (BOP) website, FCI Allenwood - Medium currently has zero inmates and zero staff with confirmed active cases of COVID-19. There has been no inmate deaths and no staff deaths, while 463 inmates have recovered and 54 staff have recovered. Additionally, at the FCI Allenwood - Medium, 502 staff have been fully inoculated and 2,565 inmates have been fully inoculated.

eyes, macular edema of both eyes, traction detachment of both eyes, hypertension, Type II diabetes, cerebrovascular disease, vertigo, and complications from a stroke. (Doc. No. 421, Exhibit 1, at 2). In the minimal BOP medical records (only covering late 2019) submitted by the Defendant, it showed that he did have vitreous hemorrhage of both eyes, macular edema of both eyes, traction detachment of both eyes, Type II diabetes, hypertension, and cerebrovascular disease. (Doc. No. 422, at 3, 9). However, the same records also showed that he had been to ophthalmology consults and is receiving treatment for his ailments. (Doc. No. 422). In his current motion, Defendant also claims that he suffers from lung disease, asthma, obesity, high cholesterol, total blindness in right eye and sixty percent blindness in the left eye. (Doc. No. 432 at 1). Defendant also claims to be confined to a wheelchair and experiencing greater difficulty providing self-care. *Id*. at 2. Defendant fails to provide his BOP medical records to substantiate these additional medical claims and therefore, there is no extraordinary and compelling reason for a sentence reduction.

The Government previously reported that Defendant is fully vaccinated against COVID-19 as he received the first dose of the Moderna COVID-19 vaccine on April 14, 2021, and the second dose on May 12, 2021. (Doc. No. 424, Exhibit 1, Exhibit 2). Additionally, the Defendant received a Moderna booster on March 10, 2022. (Doc. No. 424, Exhibit 2). The Centers for Disease Control and Prevention (CDC) have evaluated the COVID-19 virus and explained that vaccines "continue to be highly effective at preventing hospitalizations and death." CDC, *Benefits of Getting a* COVID-19 *Vaccine,* www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. The CDC also notes that vaccines currently available in the United States have been shown to be "highly effective" at preventing COVID-19. Accordingly, the Court finds no extraordinary and compelling reason for Defendant's release.

Defendant argues that his imprisonment during the COVID-19 pandemic – something not anticipated by the sentencing court – increased his prison sentence's punitive effect and constitutes extraordinary and compelling circumstances that warrant a sentence reduction. "While circumstances that 'undoubtedly increase a prison sentence's punitive effect' may constitute extraordinary and compelling circumstances in some individual cases, *United States v. Kibble*, 992 F.3d 326, 336 (4th Cir. 2021) (Gregory, J., concurring), if every defendant who experiences hardship during incarceration is entitled to a finding of extraordinary and compelling circumstances, compassionate release would become the 'exception that swallows the general rule of finality'. *United States V. Hancock*, No. 1:06-CR-206-2, 2021 U.S. Dist. LEXIS 41526, 2021 WL 848708, at *5 (M.D.N.C. Mar. 5, 2021)." *United States v. Chavis*, No. 1:18-CR-481-3, 2021 U.S. Dist. LEXIS 124143, at *8-9 (M.D.N.C. July 2, 2021). Moreover, the "hardships" that Defendant claims to have experienced in prison during the COVID-19 pandemic are not particular to Defendant. Many inmates, as well as non-incarcerated individuals, have been infected with the COVID-19 virus and survived (or feared being infected with the virus), lost close relatives or friends due to the pandemic, and endured isolation, limits on movement, and other restrictive protocols during the pandemic. *See United States v. Murry*,_ F.Supp.3d__, 2021 WL 1899362, 2021 U.S. Dist. LEXIS 90792 at n.2 (E.D. Va. May 11, 2021); *United States v. Burks*, No.3:14-CR-208-MOC-1, 2021 U.S. Dist LEXIS 70934, 2021 WL 1394857, at *4 (W.D.N.C. Apr. 13, 2021). Thus, Defendant's incarceration during the pandemic does not constitute "extraordinary and compelling" reasons warranting early release.

There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The Court has discretion to appoint counsel in proceedings

under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012); cf. 18 U.S.C. § 3006A (providing the interests of justice standard for appointment of counsel in similar post-conviction proceedings).

Defendant has not established that the interests of justice require appointment of counsel in these circumstances at this time.

**IT IS THEREFORE ORDERED** that Defendant's fourth *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), and appointment of counsel (Doc. No. 432), is **DENIED**.

**SO ORDERED.**

Signed: March 6, 2023

Kenneth D. Bell
United States District Judge