UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cr-48-KDB-SCR-13

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| MARTIN VIDAL SANTILLAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Defendant's pro se "Motion for Leave to File a Writ of Habeas Corpus Under 28 U.S.C. § 2255" [Doc. 442].

The Defendant pleaded guilty to conspiracy to distribute a controlled substance, and he was sentenced to 156 months' imprisonment. [See Doc. 226 (Plea Agreement); Doc. 227 (Factual Basis); Doc. 349 (Judgment)]. The Judgment was entered on August 1, 2019. [Doc. 349]. The Defendant did not appeal. The Defendant subsequently filed four motions for compassionate release, all of which have been denied. [See Docs. 392, 404, 426, 433].

The Defendant has now filed a "Motion for Leave to File…" in which he raises claims challenging his conviction and sentence. [Doc. 442]. Before this Court construes the "Motion for Leave to File…" as a Motion to Vacate under § 2255, it must "inform[] the litigant of its intent to recharacterize, warn[] the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provide[] the litigant with an opportunity to withdraw, or to amend, the filing." United States v. Castro, 540 U.S. 375, 383 (2003). Pursuant to Castro, the Court now warns the Defendant that this recharacterization means

that any subsequent § 2255 petitions will be subject to the restrictions on "second or successive motions," that is, he may not bring a second or successive motion under § 2255 without first obtaining certification by a panel of the appropriate court of appeals. See 28 U.S.C. § 2255(h). Such certification is rarely granted. In addition, the court now provides Defendant with an opportunity to withdraw the "Motion for Leave to File…" or to amend it so that it contains all the § 2255 claims that he wishes to present. Castro, 540 U.S. at 383.

The Court further cautions the Defendant that a Motion to Vacate must be submitted on, or substantially follow, the prescribed form and: (1) specify all the grounds for relief available to him; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury. Rule 2(b)-(c), 28 U.S.C. foll. § 2255. The Defendant's "Motion for Leave to File…" does not substantially follow the required form and it is not verified (signed under penalty of perjury). See Rule 2(b)(5), 28 U.S.C. foll. § 2255.

Further, it appears that the "Motion for Leave to File…" is subject to dismissal with prejudice as time-barred because it was filed more than one year after Defendant's conviction and sentence became final. A one-year period of limitations applies to § 2255 petitions, that runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). Further, a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. McQuiggin v. Perkins, 569 U.S. 383, 392 (2013). The Defendant's present "Motion for Leave to File…" was filed more than one year after Defendant's conviction and sentence became final, and the Defendant has failed to demonstrate why it should be considered timely under § 2255.

The Defendant shall have thirty (30) days in which to file a Notice withdrawing the "Motion for Leave to File …," if he does not wish for it to be recharacterized as a § 2255 Motion to Vacate. On the other hand, if the Defendant does wish to proceed under § 2255, he shall have thirty (30) days to file a superseding Amended Motion to Vacate that corrects the deficiencies identified in this Order or otherwise states a claim for relief. Piecemeal amendment will not be permitted. Any Amended Motion to Vacate will be subject to all applicable timeliness and procedural requirements. See generally 28 U.S.C. § 2255; Mayle v. Felix, 545 U.S. 644 (2005) (discussing relation back). Additionally, the Defendant will be required to address in his Amended Motion to Vacate why such should not be dismissed as untimely. See Hill, 277 F.3d at 706.

Should the Defendant fail to withdraw the "Motion for Leave to File…" in accordance with the Court, it will be recharacterized as a § 2255 Motion to Vacate. If the Plaintiff proceeds under

3

§ 2255 and fails to correct the deficiencies identified in this Order, the Motion to Vacate will be dismissed without further notice.

**IT IS, THEREFORE, ORDERED** that:

1. The Defendant shall have **thirty (30) days** to either: file a superseding Amended Motion to Vacate that corrects the deficiencies identified in this Order; or file a Notice withdrawing the "Motion for Leave to File…," rather than having it recharacterized as a Motion to Vacate.

2. If the Defendant does not timely file a Notice withdrawing his "Motion for Leave to File…," it will be recharacterized as a § 2255 Motion to Vacate. Should the Defendant fail to amend his Motion to Vacate in accordance with the terms of this Order, it will be dismissed without further notice.

The Clerk is respectfully instructed to mail the Defendant a blank § 2255 form and a copy of this Order.

Signed: August 7, 2023

Kenneth D. Bell
United States District Judge