UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-146-KDB
5:18-cr-48-KDB-SCR-13

| | |
|---|---|
| MARTIN VIDAL SANTILLAN, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 1].

I.     **BACKGROUND**

The Petitioner was charged along with 15 co-defendants in a drug trafficking conspiracy. The charges pertaining to Petitioner are: conspiracy to distribute and possess with intent to distribute a detectable amount of methamphetamine (actual), methamphetamine, cocaine, and marijuana (Count One); and attempt to possess with intent to distribute methamphetamine (Count Seven). [5:18-cr-48 ("CR") Doc. 3]. Petitioner pleaded guilty to Count One in exchange for the Government's dismissal of Count Seven. [CR Doc. 226]. Petitioner was sentenced to 156 months' imprisonment followed by five years of supervised release in a Judgment entered on August 1, 2019. [CR Doc. 349]. He did not appeal.

Petitioner then filed several *pro se* Motions seeking compassionate release and sentence reductions, all of which were unsuccessful. [See, e.g., CR Docs. 391, 392, 400, 404, 421, 426, 433].

On June 17, 2023,[1] the Petitioner filed the instant "Motion for Leave to File a Writ of Habeas Corpus Under 28 U.S.C. § 2255" in the criminal case. [Doc. 1]. On August 8, 2023, the Court entered an Order informing Petitioner that it intended to recharacterize the "Motion for Leave to File…" as a § 2255 Motion to Vacate and providing him warnings pursuant to United States v. Castro, 540 U.S. 375, 383 (2003). [Doc. 2]. The Court cautioned the Petitioner that the "Motion for Leave to File…" does not substantially follow the required § 2255 form, is not verified, and appears to be subject to dismissal with prejudice as time-barred. [Id. at 2-3]. The Court granted Petitioner 30 days in which to: file a Notice withdrawing his Motion if he did not wish for it to be recharacterized; or file a superseding Amended Motion to Vacate to correct the deficiencies identified by the Court, demonstrate that it is not time-barred, and otherwise state a claim for relief. He was informed that the failure to timely comply with the Court's Order would result in the Court recharacterizing the "Motion for Leave to File…" as a § 2255 Motion to Vacate, and dismissing it without further notice. [Id. at 3-4].

**II.    SECTION 2255 STANDARD OF REVIEW**

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

A one-year period of limitations applies to § 2255 petitions, that runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). Further, a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. McQuiggin v. Perkins, 569 U.S. 383, 392 (2013).

Petitioner's Judgment became final on August 15, 2019, when the 14-day period to file a notice of appeal expired. See Fed. R. App. P. 4(b)(1), (b)(6); United States v. Osborne, 452 F.

App'x 294, 295-96 (4th Cir. 2011). Petitioner filed the instant § 2255 Motion to Vacate on June 17, 2023, nearly three years late. It is thus untimely pursuant to § 2255(f)(1). Petitioner was cautioned that he must demonstrate why his Motion to Vacate was timely filed. [Doc. 2 at 2-4]. He has failed to do so and, accordingly, the Motion to Vacate is dismissed with prejudice as time-barred.[2]

## IV. CONCLUSION

For the foregoing reasons, the § 2255 Motion to Vacate is dismissed with prejudice as time-barred.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DISMISSED WITH PREJUDICE**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is instructed to close this case.

---

[2] Petitioner's "Motion for Leave to File…" is not signed under penalty of perjury and dismissal is also warranted on that basis. See Rule 2(b)(5), 28 U.S.C. foll. § 2255; 28 U.S.C. § 1746.

4

**IT IS SO ORDERED.**

Signed: September 18, 2023

*/s/ Kenneth D. Bell*

Kenneth D. Bell
United States District Judge