IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:18-CR-00048-KDB-SCR-13

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| MARTIN VIDAL SANTILLAN, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's <u>fifth</u> *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, and appointment of counsel. (Doc. No. 456). Defendant seeks compassionate release arguing he suffers from gross inadequate and negligent care while in Bureau of Prison (BOP) custody and he should get the benefit of Amendment 821. It should be noted that this Court has already granted Defendant's request for the application of Amendment 821 as reflected in the Court's order in Document 449. Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny his motion for compassionate release as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

According to Defendant's Presentence Report, he has been diagnosed with Type II diabetes and high blood pressure and incurred a stroke in October 2017, requires a cane to walk and he states that he experiences the loss of feeling in his face, arms, and legs. (Doc. No. 291, ¶¶ 69, 70). In his previous third motion, Defendant stated that he suffers from vitreous hemorrhage of both eyes, macular edema of both eyes, traction detachment of both eyes, hypertension, Type II diabetes, cerebrovascular disease, vertigo, and complications from a stroke. (Doc. No. 421,

Exhibit 1, at 2). In the BOP medical records (only covering late 2019) submitted by the Defendant, it showed that he did have vitreous hemorrhage of both eyes, macular edema of both eyes, traction detachment of both eyes, Type II diabetes, hypertension, and cerebrovascular disease. (Doc. No. 422, at 3, 9). However, the same records also showed that he had been to ophthalmology consults and is receiving treatment for his ailments. (Doc. No. 422). In his previous fourth motion, Defendant also claimed that he suffered from lung disease, asthma, obesity, high cholesterol, total blindness in right eye and sixty percent blindness in the left eye. (Doc. No. 432 at 1). Defendant also claimed to be confined to a wheelchair and experiencing greater difficulty providing self-care. *Id*. at 2. Defendant failed to provide his BOP medical records to substantiate these additional medical claims and therefore, there was no extraordinary and compelling reason for a sentence reduction. (Doc. No. 433).

In Defendant's current motion, his new claim is that he suffers from gross inadequate and negligent care while in Bureau of Prison (BOP) custody. (Doc. No. 456, at 3). He states that he suffers from hypertension, high cholesterol, diabetes, poor oral health, and vision issues. *Id*. The Court has thoroughly reviewed the voluminous medical records submitted by Defendant and the records show that Defendant has hypertension, high cholesterol, diabetes, poor oral health, and vision issues and is receiving treatment and medication to address each issue. (Doc. No. 456, Exhibits A through F). The medical records speak loud and clear that he is receiving excellent care. *Id*. Accordingly, the Court finds no extraordinary and compelling reason for Defendant's release.

There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The Court has discretion to appoint counsel in proceedings

under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012); cf. 18 U.S.C. § 3006A (providing the interests of justice standard for appointment of counsel in similar post-conviction proceedings).

Defendant has not established that the interests of justice require appointment of counsel in these circumstances at this time.

**IT IS THEREFORE ORDERED** that Defendant's fifth *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), and appointment of counsel (Doc. No. 456), is **DENIED**.

**SO ORDERED.**

Signed: October 2, 2024

Kenneth D. Bell
United States District Judge