UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL CASE NO. 5:18-cr-00048-KDB-SCR-13

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>MARTIN VIDAL SANTILLAN, )<br>)<br>Defendant. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on the Defendant's Pro Se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 459] and Pro Se Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 462].

**I.     BACKGROUND**

On August 23, 2018, Defendant Martin Vidal Santillan ("Defendant") was charged along with 15-codefendants in a 16-count Indictment with one count of conspiracy to distribute and possess with intent to distribute a detectable amount of methamphetamine (actual), methamphetamine, cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (Count One) and one count of attempt to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) (Count Seven). [Doc. 3: Indictment]. Defendant pleaded guilty to Count One and the Government dismissed Count Seven. [Doc. 226: Plea Agreement; Doc. 231: Acceptance and Entry of Plea Agreement]. The Court sentenced Defendant to a term of imprisonment of 156 months. [Doc. 349: Judgment]. Judgment on Defendant's conviction was entered on July 31, 2019. [Id.]. Defendant did not file a direct appeal.

On June 17, 2023, Defendant filed a motion to vacate under 28 U.S.C. § 2255, which the Court denied and dismissed on the merits as time barred. [Docs. 446, 447]. On or around August 16, 2025, Defendant filed a two-page "Motion for Amendment 212, Amendment 1 and Challenging the Purity of the Control Substance" [Doc. 459], which was in substance a motion to vacate pursuant to 28 U.S.C. § 2255. Defendant, however, failed to submit the motion under penalty of perjury or on the proper form. [See id.]. The Court, therefore, directed the Defendant to submit his motion on the proper form and signed under penalty of perjury. [Doc. 460]. Defendant's amended motion to vacate, in which he challenges the leadership enhancement and drug purity, is now before the Court. [Doc. 462].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

When an initial motion pursuant to § 2255 has been adjudicated on the merits, a second or successive motion under the statute must be certified by the court of appeals before it may be filed with this Court. 28 U.S.C. § 2255(h). To certify a second or successive § 2255 motion for filing with this Court, the court of appeals must find that the motion contains either: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have

2

Case 5:18-cr-00048-KDB-SCR    Document 465    Filed 09/26/25    Page 2 of 4

found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id.

As noted, Petitioner previously filed a motion to vacate the same criminal conviction and sentence he challenges here, which was dismissed on the merits. Defendant, however, has failed to show that he has obtained authorization from the Fourth Circuit to file a second or successive § 2255 motion. Consequently, the Court lacks jurisdiction to consider the instant motion to vacate, and it must be dismissed. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Defendant's Motion and Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 for lack of jurisdiction because the motions are successive petitions, and Defendant has not first obtained permission from the Fourth Circuit Court of Appeals to file them.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Vacate [Doc. 459] and Amended Motion to Vacate [Doc. 462] are **DISMISSED** as successive petitions.

**IT IS FURTHER ORDERED** that the Court declines to grant a certificate of appealability.

**IT IS SO ORDERED.**
Signed: September 26, 2025

*/s/ Kenneth D. Bell*
Kenneth D. Bell
United States District Judge